**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERICA ALLEN**<br>456 W Bringhurst St<br>Philadelphia, PA 19144<br><br>**Plaintiff**,<br><br>**v.**<br><br>**PRIME HEALTHCARE SERVICES – ROXBOROUGH LLC**<br>5800 Ridge Ave<br>Philadelphia, PA 19128<br><br>**and**<br><br>**PRIME HEALTHCARE SERVICES, INC. d/b/a ROXBOROUGH MEMORIAL HOSPITAL**<br>3480 E Guasti Rd<br>Ontario, CA 91761<br><br>**Defendants.** | : | **Civil Case No. ________________**<br><br>***JURY TRIAL DEMANDED*** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Erica Allen ("Plaintiff") by and through her undersigned attorney, for her Complaint against Defendant Prime Healthcare Services – Roxborough LLC and Defendant Prime Healthcare Services Inc. d/b/a Roxborough Memorial Hospital (collectively, "Defendants"), alleges as follows:

**INTRODUCTION**

1. Plaintiff initiates this action contending Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; the Pennsylvania Human Relations Act

(“PHRA”), 43 P.S. § 951, et seq.; and the Philadelphia Fair Practices Ordinance (“PFPO”), Phila. Code § §9-1101, et seq. by discriminating against Plaintiff and terminating her employment because of her actual and/or perceived disabilities, because of her record disability/impairment, in retaliation for requesting/requiring reasonable accommodation, and because of her association and relationship with an individual with a disability.

2. Plaintiff further contends Defendants violated the Family and Medical Leave Act (“FMLA”), 29 U.S.C. § 2601, et seq. by terminating Plaintiff’s employment in retaliation for Plaintiff requesting and taking protected FMLA leave and by interfering with Plaintiff’s entitlement to twelve weeks of FMLA leave.

3. Plaintiff further contends Defendants violated Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. § 2000e, et seq.; the PHRA; and the PFPO by discriminating against Plaintiff and terminating her employment because of her race and color.

4. Defendant’s violations of the ADA, the FMLA, Title VII, the PHRA, and the PFPO have caused Plaintiff to suffer damages as set forth herein.

## PARTIES

5. Plaintiff Erica Allen is a citizen of the United States and Pennsylvania, who currently resides at 456 West Bringhurst Street, Philadelphia, PA 19144.

6. Upon information and belief, Defendant Prime Healthcare Services – Roxborough LLC is a Delaware company with a principal place of business located at 5800 Ridge Avenue, Philadelphia, PA 19128.

7. Upon information and belief, Defendant Prime Healthcare Services Inc. has a principal address at 3480 East Guasti Road, Ontario, CA 91761 and does business in Pennsylvania, including at 5800 Ridge Avenue, Philadelphia, 19128.

8. Upon information and belief, Defendants jointly and collectively own, operate, and manage Roxborough Memorial Hospital, which is located at 5800 Ridge Avenue, Philadelphia, 19128.

9. Upon information and belief, Defendants thus constitute joint, integrated, and/or single employer(s) with respect to employees of Roxborough Memorial Hospital.

## JURISDICTION AND VENUE

10. Paragraphs 1 through 9 are hereby incorporated by reference as if the same were fully set forth at length herein.

11. On or about July 24, 2024, Plaintiff filed a Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), 43 P.S. § 959(a), and Phila. Code. § 9-1112.

12. Plaintiff's EEOC Charge was docketed as EEOC No. 530-2025-07343 and was filed within one-hundred and eighty (180) days of the unlawful employment practice(s).

13. On or about August 13, 2026, the EEOC issued Plaintiff a Notice of Right to Sue regarding her Charge, advising her that she had ninety (90) days to file suit against Defendants.

14. One year has passed since Plaintiff filed her complaint(s) with the EEOC and PHRC (his dual-filed Charge), thereby entitling Plaintiff to bring her PHRA and PFPO claims in court.

15. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

16. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

17. This action is authorized and initiated pursuant to the ADA, the FMLA, Title VII, the PHRA, and the PFPO.

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

19. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

20. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL BACKGROUND

21. Paragraphs 1 through 20 are hereby incorporated by reference as if the same were fully set forth at length herein.

22. Plaintiff began her employment with Defendants at Roxborough Memorial Hospital on or about September 19, 2019 as a Mental Health Technician.

23. Plaintiff thereafter held multiple different positions, ultimately assuming the role of Discharge Planner in or around July 2022.

24. In or around October 2024, after her husband was diagnosed with Stage 3 Lung Cancer, Plaintiff requested intermittent time-off under the FMLA to car for her husband.

25. Plaintiff also suffers from depression, which was heightened around this time and let her to request continuous medical leave work from late October 2024 through November 2024.

26. Plaintiff later requested to extend her continuous leave until on or about December 9, 2024.

27. While Plaintiff was out on medical leave, her supervisor, Bridget Detweiler ("Ms. Detweiler"), to whom Plaintiff was recently assigned, improperly contacted Plaintiff about work.

28. Then, upon her return to work on or about December 9, 2024, Ms. Detweiler penalized Plaintiff for taking medical leave.

29. Specifically, Ms. Detweiler stated that she was going to change Plaintiff's job duties because Plaintiff kept going out on leave and Plaintiff's job was not getting done while she was out.

30. Despite Ms. Detweiler's discriminatory and retaliatory attitude, Plaintiff thereafter continued to use intermittent leave, including to attend an MRI appointment for her husband.

31. It must be noted that, in addition to her hostility to Plaintiff's need for medical leave, Ms. Detweiler harbored a discriminatory and racist bias against employees of color, including Plaintiff.

32. For context, Plaintiff is African American.

33. Ms. Detweiler made several racist comments during the short period of time that she was Plaintiff's supervisor, including but not limited to, stating she "would never date anyone with a dirty complexion"; stating that she terminated an African American employee because "she did not belong here and she was just out of place"; stating employees "always want to pull the race card" when they get terminated; and stating "you people [referencing employees of color] always take long breaks."

34. Ms. Detweiler also demonstrated her discriminatory bias by targeting African American employees for termination and treating white employees more favorably.

35. On or about December 26, 2024, shortly after Plaintiff returned from medical leave, Ms. Detweiler pulled Plaintiff into a meeting with Human Resources and abruptly terminated her employment.

36. As the reason for the termination, Ms. Detweiler falsely claimed Plaintiff had manually entered incorrect clock-in/out times into Defendants' electronic timekeeping system.

37. However, Plaintiff did not manually enter any clock-in/out times into Defendants' electronic timekeeping system; rather, Ms. Detweiler manually entered Plaintiff's clock-in/out times and put incorrect times, apparently to create a pretextual basis for her termination.

38. In light of the foregoing, it is believed and therefore averred that Defendants' claimed reason for Plaintiff's termination was pretextual and that Defendants actually terminated Plaintiff's employment because of her race and color, her actual and/or perceived disabilities, her record of impairment/disability, and her association and relationship with an individual with a disability as well as in retaliation for requiring and requesting reasonable accommodations and FMLA leave, in violation of the ADA, the FMLA, Title VII, the PHRA, and the PFPO.

39. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, wages, and benefits; Plaintiff has also suffered other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION & RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

42. Plaintiff requested and required reasonable accommodation(s) in connection with her disabilities.

43. Defendants knew of Plaintiff's disability, record of impairment and disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

44. Defendants also knew of Plaintiff's association and relationship with an individual with a disability, Plaintiff's husband.

45. Defendants violated the ADA by terminating Plaintiff's employment because of her actual and/or perceived disabilities, because of her record of impairment/disability, in retaliation for requesting/requiring reasonable accommodation(s), and because of Plaintiff's relationship and/or association with a disabled individual.

46. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT ("FMLA")**
**29 U.S.C. 2601, *et seq.***
**RETALIATION & INTERFERENCE**

47. Paragraphs 1 through 46 are hereby incorporated by reference as if the same were fully set forth at length herein.

48. Plaintiff requested and took intermittent and continuous FMLA leave in 2024.

49. Defendant terminated Plaintiff in retaliation for requesting and requiring FMLA-qualifying leave.

50. Defendants interfered with Plaintiff's FMLA rights and benefits by terminating her and preventing her from taking the full 12-weeks of job protected leave to which she was entitled.

51. The aforementioned actions of Defendants constitute both retaliation and interference violations of the FMLA.

52. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant economic damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages and front pay in an amount to be determined at trial;

b) Liquidated damages in the maximum amount permitted;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances;

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("Title VII")**
**42 U.S.C § 2000e, *et seq*.**
**DISCRIMINATION & RETALIATION – RACE/COLOR**

53. Paragraphs 1 through 52 are hereby incorporated by reference as though the same were fully set forth at length herein.

54. Plaintiff is African American and as such is a member of a class protected under Title VII from unlawful discrimination because of race and color.

55. Defendants terminated Plaintiff's employment on the basis of her race and/or color, in violation of Title VII.

53. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

c) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

d) Pre-judgment interest in an appropriate amount; and

e) Such other and further relief as is just and equitable under the circumstances.

f) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT IV**
**PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951 *et seq.***
**DISCRIMINATION & RETALIATION – DISABILITY, RACE, COLOR**

54. Paragraphs 1 through 53 are hereby incorporated by reference as if the same were fully set forth at length herein.

55. Defendants violated the PHRA by terminating Plaintiff's employment because of her race/color, because of her actual and/or perceived disabilities, because of her record of impairment/disability, in retaliation for requesting/requiring reasonable accommodation(s), and because of Plaintiff's relationship and/or association with a disabled individual.

56. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

57. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT V**
**PHILADELPHIA FAIR PRACTICES ORDINANCE ("PFPO")**
**Phila. Code § §9-1101, *et seq.***
**DISCRIMINATION & RETALIATION – DISABILITY, RACE, COLOR**

58. Paragraphs 1 through 57 are hereby incorporated by reference as if the same were fully set forth at length herein.

59. Defendants violated the PFPO by terminating Plaintiff's employment because of her race/color, because of her actual and/or perceived disabilities, because of her record of impairment/disability, and in retaliation for requesting/requiring reasonable accommodation(s).

60. The conduct described above constitutes a violation of the PFPO and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

61. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including but not limited to loss of employment, benefits, earnings

and earnings potential as well as other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, damage to career, and damage to reputation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**JURY DEMAND**

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: September 22, 2026

By: */s/ Jake Daniel Novelli, Esq.* ___

Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.